# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

FRANK ANTONIO SPENCER,                         Case No. 1:11-cv-142
    Plaintiff                                Spiegel, J.

    vs

ODRC DIRECTOR ERNIE MOORE, et al.,             **ORDER AND REPORT AND**
    Defendants                               **RECOMMENDATION**


Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville,

Ohio, brings this civil rights action under 42 U.S.C. § 1983 against the Ohio Department of

Rehabilitation and Correction (ODRC) Director Ernie Moore, SOCF Warden Donnie Morgan,

and SOCF Corrections Officers Dawn Tackett, Melissa Campbell, John Toland, (unknown first

name) Maynard, and (unknown first name) Stevens.  By separate Order issued this date,

plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is before the Court for a sua sponte review of the complaint to determine whether

the complaint, or any portion thereof, should be dismissed as frivolous or malicious, for failure

to state a claim upon which relief may be granted, or because it seeks monetary relief from a

defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant

whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton*

*v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).

To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in*

*forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see*

28 U.S.C. §§ 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke*, 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915 (e)(2)(B)(ii).  Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  *See also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  While a complaint need not contain

2

"detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff, who is proceeding pro se, alleges that on September 29, 2010, he was handcuffed and being escorted down H Corridor by defendants Tackett and Maynard. When plaintiff continued walking at a "normal" pace after being told by Tackett to slow down, Tackett allegedly grabbed plaintiff's handcuffs, took him to the ground, and struck him in the head three to four times with her PR 24 nightstick causing his head "to bust open and bleed." At that point, defendants Campbell, Toland, Maynard, and Stevens began kicking, punching, and kneeing plaintiff for approximately five minutes until a lieutenant appeared on the scene. Plaintiff was then taken to the medical department for treatment.

Liberally construed, plaintiff's complaint alleges a claim of excessive use of force by defendants Tackett, Campbell, Toland, Maynard, and Stevens in violation of the Eighth Amendment. At this juncture, the Court concludes that this claim may proceed. *See* 28 U.S.C. § 1915(e)(2)(B).

However, plaintiff's complaint against defendants ODRC Director Moore and SOCF Warden Morgan should be dismissed for failure to state a claim for relief under section 1983. It appears that the ODRC Director and SOCF Warden are named as defendants because of the supervisory positions they hold in the Ohio prison system. However, *respondeat superior* does not apply to § 1983 claims and may not serve as a basis for liability on defendants More

3

and Morgan. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009); *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Hill v. Marshall*, 962 F.2d 1209, 1213 (6th Cir. 1992). "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). A superior may not be held liable under § 1983 for the misconduct of his employees unless the plaintiff demonstrates that "the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy*, 729 F.2d at 421. *See also Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002). "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982)). *See also McQueen v. Beecher Community Schools*, 433 F.3d 460, 470 (6th Cir. 2006); *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Section 1983 liability is premised on active unconstitutional behavior and not a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee*, 199 F.3d at 300. Where a supervisor is found to have abandoned the specific duties of his position, such as adopting and implementing a particular operating procedure, liability is direct, not vicarious. *Taylor v. Mich. Dept. of Corrections*, 69 F.3d 76 (6th Cir. 1995).

Here, plaintiff fails to allege that the ODRC Director or SOCF Warden were present during or directly participated in the alleged assault on plaintiff by the SOCF corrections officers. Nor does plaintiff allege facts showing that either defendant Moore or Morgan approved, encouraged, or implicitly authorized the alleged use of excessive force. The mere fact that defendant Moore is the Director of ODRC and defendant Morgan is the warden of

4

SOCF is not enough to impose liability on these defendants under section 1983.  Therefore, plaintiff's section 1983 claims against defendants Moore and Morgan should be dismissed.


**IT IS THEREFORE RECOMMENDED THAT:**

1.  Plaintiff's claims against defendants Moore and Morgan be **DISMISSED**.


**IT IS THEREFORE ORDERED:**

1. The United States Marshal shall serve a copy of the complaint, summons, and this order upon defendants Corrections Officers Tackett, Campbell, Toland, Maynard, and Stevens as directed by plaintiff.  All costs of service shall be advanced by the United States.

2.  Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the clerk of court a certificate stating the date a true and correct copy of any document was mailed to defendant or counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the court.

3.  Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.


Date: 3/18/2011

Karen L.  Litkovitz, Magistrate Judge
United States District Court


5

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

FRANK ANTONIO SPENCER,                         Case No. 1:11-cv-142
    Plaintiff                                Spiegel, J.

vs

ODRC DIRECTOR ERNIE MOORE, et al.,
    Defendants

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written

objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after

being served with a copy thereof. That period may be extended further by the Court on timely

motion by either side for an extension of time. All objections shall specify the portion(s) of the

R&R objected to, and shall be accompanied by a memorandum of law in support of the

objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after

being served with a copy of those objections. Failure to make objections in accordance with this

procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States*

*v. Walters*, 638 F.2d 947 (6th Cir. 1981).