UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| FRANK A. SPENCER, | : Case No. 1:11-cv-142 |
| Plaintiff, | : Judge Timothy S. Black |
| | : Magistrate Judge Stephanie K. Bowman |
| vs. | : |
| OHIO DEPT. OF REHABILITATION, ERNIE MOORE, Director, *et al.*, | : |
| Defendants. | : |

**DECISION AND ENTRY: (1) ADOPTING THE REPORT AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE IN PART AND DECLINING TO ADOPT IT IN PART (Doc. 33); (2) OVERRULING PLAINTIFF'S OBJECTIONS (Docs. 34); (3) SUSTAINING DEFENDANTS' OBJECTIONS (Doc. 35); (4) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IN ITS ENTIRETY (Doc. 27); (5) DENYING DEFENDANTS' MOTION TO STRIKE (Doc. 41); AND (6) CLOSING THIS CASE**

This civil case is before the Court on the Report and Recommendations of United States Magistrate Judge Stephanie K. Bowman, who recommends that Defendants' Motion for Summary Judgment (Doc. 27) be granted in part and denied in part. Plaintiff filed an Objection (Doc. 34) to the Report and Recommendations, to which Defendants' responded (Doc. 37), and Plaintiff replied (Doc. 40).[1]  Defendants also filed Objections (Doc. 35) to the Report and Recommendations, to which Plaintiff responded (Doc. 38). The issues presented are ripe for the Court's *de novo* consideration and determination.

---

[1] Defendants move to strike Plaintiff's Reply in support of his Objections, arguing that replies in support of a party's objections to a Report and Recommendation are not provided for by applicable law. (Doc. 41). The Court reviewed Plaintiff's Reply, but nothing in Plaintiff's Reply changes the Court's disposition of Plaintiff's Objections, as set forth here. Because the Court would reach the same disposition regardless of whether or not the Reply is considered, the Motion to Strike is **DENIED.**

## I.  BACKGROUND

On September 29, 2010, Plaintiff Frank Spencer, an inmate at the Southern Ohio Correctional Facility ("SOCF"), alleges that he was being escorted by Officer Dawn Tackett through H-Corridor to a segregation area at SOCF after not cooperating with a pat-down.  (Doc. 3).  While in H-Corridor, Plaintiff alleges that he refused to slow his pace despite an order from Officer Tackett to do so.  (*Id*.).  When Plaintiff continued his same pace, Officer Tackett allegedly grabbed and twisted Plaintiff's handcuffs, took Plaintiff to the ground, and began striking Plaintiff in the face and the top of his head (perhaps with a PR-24, which is a type of nightstick or baton).  (*Id*.)  Plaintiff alleges that the other Defendant Officers responded to the scene and participated in beating Plaintiff for approximately five minutes.  (*Id*.)  Plaintiff brings this action alleging that the Defendant Officers violated his Eighth Amendment rights by using excessive force.  (*Id*).

In moving for summary judgment, Defendants submitted statements describing different circumstances surrounding the use of force on Plaintiff.

According to Officer Tackett, while escorting Plaintiff in H-Corridor, Plaintiff "yelled 'you fucking bitch!"  (Doc. 27-2, PAGEID 149).  Officer Tackett states that she ordered Plaintiff "to stop yelling and to walk" several times.  (*Id*.)  According to Officer Tackett, Plaintiff then "turned toward [her] aggressively trying to headstrike [her]."  (*Id*.)  Officer Jason Skaggs, a non-party to this case, also stated that Plaintiff spun "in an aggressive manner [t]oward Officer Tackett."  (Doc. 27-13, PAGEID 209).

In reacting to Plaintiff's aggressive movement, Officer Tackett states that she tried to gain control of Plaintiff and to turn Plaintiff away from her. (Doc. 27-2, PAGEID 149). However, Plaintiff resisted Officer Tackett's efforts and began putting his weight on Officer Tackett in an attempt to knock Officer Tackett to the ground. (*Id*.) At this time, Officer Joshua Maynard, seeing Plaintiff trying to put his weight on Officer Tackett in an attempt to knock Officer Tackett to the ground, responded and admittedly took Plaintiff to the ground, perhaps opening a small wound on Plaintiff's head. (Doc. 27-4, PAGEID 161). Thereafter, other officers responded to control Plaintiff's resistance. (Doc. 27-6, PAGEID 172; Doc. 27-13, PAGEID 209, 212).

Immediately following the event, Officers escorted Plaintiff to the infirmary. (Doc. 27-8, PAGEID 182). A visual examination of Plaintiff at the infirmary "revealed a small superficial cut on the top of his head" that "was approximately one-quarter . . . of an inch in size." (Doc. 27-21, PAGEID 270). "The superficial cut and the areas surrounding it showed no evidence of hematoma, swelling, discoloration, or deformity of the skull." (*Id*.) Application of direct pressure stopped the cut from bleeding, and no stitches or glue were required. (*Id*.) Plaintiff "also [had] two small abrasions, one on [his] right lateral wrist area, and another on his right upper lip area." (*Id*., PAGEID 271). While Plaintiff also complained of thumb pain, an examination revealed no bleeding, swelling, bruising or hematoma to his thumb. (*Id*.) Plaintiff reported no other injuries and was discharged from the infirmary 10 minutes after arriving. (*Id*.)

Defendants move for summary judgment on all claims. (Doc. 27).

The Magistrate Judge concludes that Defendants' Motion should be granted with regard to Plaintiff's claims against all the Officers in their official capacities and, in addition, with regard to Plaintiff's claims against Officers John Toland, Melissa Campbell and Shawn Stevens in their individual capacities.  (Doc. 33, PAGEID 398-90, 394-95). The Magistrate Judge concludes that Plaintiff's claims against Officers Tackett and Maynard, in their individual capacities, should survive summary judgment.  (*Id*., PAGEID 389-90).

## II.  SUMMARY JUDGMENT STANDARD

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law.  Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986).

"Summary judgment is only appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"  *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007) (quoting Fed. R. Civ. P. 56(c)).  "Weighing of the evidence or making credibility determinations are prohibited at summary judgment  -  rather, all facts must be viewed in the light most favorable to the non-moving party."  *Id*.

Once "a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading[.]"

-4-

*Viergutz v. Lucent Technologies, Inc.*, 375 Fed. Appx. 482, 485 (6th Cir. 2010) (citing Fed. R. Civ. P. 56(e)(2)). Instead, the party opposing summary judgment "must - by affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial." *Id*. (citing Fed. R. Civ. P. 56(e)(2)).

### III. PLAINTIFF'S OBJECTIONS

The Magistrate Judge, in recommending that the Court grant summary judgment in favor of Officers Melissa Campbell and Shawn Stevens, concluded that these officers "did not inflict any injury on Plaintiff in violation of the Eighth Amendment, and any physical contact made by those two Defendants was not excessive as a matter of law." (Doc. 33, PAGEID 404). Officer Campbell purportedly kicked Plaintiff in the groin and buttocks, (Doc. 3, PAGEID 33; Doc. 30-1, PAGEID 283), but Plaintiff never complained of, reported or evidenced any injury to those parts of his body. (Doc. 27-21, PAGEID 270-271). Officer Stevens purportedly punched Plaintiff in the back (Doc. 3, PAGEID 33; Doc. 30-1, PAGEID 283), but again, Plaintiff never complained of, reported, or evidenced any injury to those parts of his body. (Doc. 27-21, PAGEID 270-271).

Concerning Officer John Toland in his individual capacity, the Magistrate Judge concludes that summary judgment should be granted in Toland's favor because there is no evidence placing him at the immediate scene of the incident other than the affidavit testimony of inmate Eddie Wynn. The Magistrate Judge concludes that inmate Wynn's affidavit testimony in this regard lacks credibility to the point that it cannot create a

genuine issue of material fact.[2] All other evidence presented demonstrates that Officer Toland remained in L Corridor with other inmates at the time of the incident.

Upon an independent review of the record, the Court also notes that the same rationale for granting summary judgment in favor of Officers Campbell and Stevens applies equally to Officer Toland, even if Plaintiff could sufficiently prove Toland's participation in the incident. Plaintiff contends that Officer Toland struck him on the right side of his lower body (Doc. 3, PAGEID 33; Doc. 30-1, PAGEID 283); however, Plaintiff never complained of, reported, or evidenced any injury to the right side of his lower body. (Doc. 27-21, PAGEID 270-271).

In objecting to the Report and Recommendations, Plaintiff offers no specific objection to any of the Magistrate Judge's findings or conclusions. Instead, Plaintiff simply offers a general recitation of his allegations. Accordingly, the Court **OVERRULES** Plaintiff's purported Objections. *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (concluding that "[o]verly general objections do not satisfy the objection requirement"). As a result, the Court **ADOPTS** the reasoning and conclusions

---

[2] In support of this conclusion, the Magistrate Judge cited *Scott v. Harris*, 550 U.S. 372, 380 (2007), in which the Supreme Court stated that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment"); *see also Kowolonek v. Moore*, 463 F. App'x 531, 539 (6th Cir. 2012) (affirming the grant of summary judgment in favor of defendant police officers on an excessive force claim concerning the alleged use of a taser where the only statement regarding any defendant officer's use of a taser was blatantly contradicted by other evidence in the record); *Patton v. Byrd*, No. 3:07-cv-456, 2011 WL 1002789, *7 (E.D. Tenn. Mar. 18, 2011) (finding plaintiff's allegations of injury blatantly contradicted by medical records revealing plaintiff made no timely complaints of injury); *Puckett v. Huizing*, No. 1:07-CV-1274, 2009 WL 735129 (W.D. Mich. Mar. 12, 2009) (concluding that plaintiff's allegations of injury were given no weight on summary judgment because such statements were contradicted by plaintiff's medical records).

of the Magistrate Judge and **GRANTS** summary judgment to Defendants with regard to Plaintiff's claims against all Defendants in their official capacities, as well as claims against Officers Toland, Campbell and Stevens in their individual capacities.

## IV.  DEFENDANTS' OBJECTIONS

With regard to claims asserted against Officers Tackett and Maynard in their individual capacities, the Magistrate Judge concludes that these claims survive summary judgment because these officers "were the officers most involved in the altercation[,]" and "a reasonable correctional officer would have understood that it is a violation of the Eighth Amendment to maliciously and sadistically inflict physical punishment upon an inmate based solely upon an inmate's verbal assault."  (Doc. 33, PAGEID 395-96).

Defendants object to the Magistrate Judge's conclusions in this regard.  (Doc. 35, PAGIEID 436).  Defendants generally argue that Plaintiff points to no evidence supporting his allegations the Officers used excessive force under the circumstances presented.  The Court agrees with Defendants and concludes that the evidentiary record before the Court does support a conclusion that the Officers' use of force was a reaction "based solely upon an inmate's verbal assault."

Officer Tackett, in her sworn interrogatory responses submitted by Defendants in support of the Motion for Summary Judgment, states that Plaintiff turned aggressively toward her, in what she perceived as Plaintiff's attempt to "headstrike" her.  (Doc. 27-2, PAGEID 149).  According to Officer Tackett, in reacting to Plaintiff's aggressive movement, she used force to gain control of Plaintiff in an effort to turn Plaintiff away

from her.[3] (*Id.*) Officer Tackett states, however, that Plaintiff resisted her efforts to control him and that Plaintiff began putting his weight on her in an attempt to knock her to the ground. (*Id.*) Officer Maynard corroborates Officer Tackett's statement that Plaintiff put his weight on Officer Tackett in an attempt to knock Officer Tackett to the ground. (Doc. 27-4, PAGEID 161). Upon seeing the struggle between Officer Tackett and Plaintiff, Officer Maynard responded and admittedly took Plaintiff to the ground. (*Id.*) Other officers then responded to control Plaintiff's continued resistance. (Doc. 27-6, PAGEID 172; Doc. 27-13, PAGEID 209, 212).

In responding to Defendants' statements regarding the circumstances surrounding their use of force, Plaintiff pointed only to the affidavit of inmate Wynn (Doc. 30-1, PAGEID 283), who only provides details concerning the actions of the Officers from the point Officer Tackett first made physical contact with Plaintiff in H-corridor. Wynn provides absolutely no statement regarding the circumstances immediately preceding the Officers' use of force, including a complete omission of any statement concerning Plaintiff's actions or non-actions. (*Id.*)

Plaintiff himself, certainly a witness to the events, likewise offers no factual statement contradicting Officer Tackett's sworn statement that Plaintiff turned aggressively toward Officer Tackett. Instead, Plaintiff's only effort in addressing Officer Tackett's sworn statement was a question posed in the text of his Response asking why, if he wanted to hit Officer Tackett, did he not attempt to strike her at an earlier time when

---

[3] A statement provided by Officer Jason Skaggs corroborates Officer Tackett's sworn statement that Plaintiff spun "in an aggressive manner [t]oward Officer Tackett." (Doc. 27-13, PAGEID 209).

his hands were uncuffed. (Doc. 30, PAGEID 281). Even if Plaintiff's evasive response can be read as a general denial of an intent to hit Officer Tackett and, in addition, could be construed as sufficient to create an issue of fact, Plaintiff points to nothing, and offers nothing, to contradict statements demonstrating that he turned aggressively toward Officer Tackett in a manner she could reasonably perceive under the circumstances as an attempt to "headstrike" her. *See* Fed. R. Civ. P; 56(c) (stating that a non-movant asserting the existence of a genuine issue of material fact "must support the assertion by . . . citing to particular parts of materials in the record"). Plaintiff also offers nothing to contradict statements that he resisted Officers' subsequent efforts to control him.

Plaintiff's failure to meet his burden under Rule 56(c) is not insignificant. In this case, Plaintiff's own conduct immediately before the officers' use of force is, perhaps, the most significant inquiry. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (holding that "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm"). Yet, Plaintiff wholly fails to evidence his actions, or non-actions, immediately preceding the Officers' use of force, or to contradict evidence that he resisted the Officers' efforts to control his resistance. Accordingly, Defendants' statements regarding the circumstances immediately preceding the use of force stand uncontradicted by evidence acceptable under Rule 56, and, therefore, stand factually undisputed.

"What is necessary to establish an 'unnecessary and wanton infliction of pain[]' . . . varies according to the nature of the alleged constitutional violation." *Hudson*, 503 U.S. at 5 (citing *Whitley v. Albers*, 475 U.S. 312 (1986)). Where corrections officers are "confronted with a prison disturbance[,]" officers "must balance the threat unrest poses to inmates, prison workers, administrators, and visitors against the harm inmates may suffer if guards use force." *Id*. at 6.

As recognized by the United States Supreme Court, "[d]espite the weight of these competing concerns, corrections officials must make their decisions 'in haste, under pressure, and frequently without the luxury of a second chance.'" *Id*. at 5 (citing *Whitley*, 475 at 320). Accordingly, in determining whether officers used excessive force, courts consider "'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Id*. at 6-7 (citations omitted).

In making the determination as to whether force was excessive under the circumstances, courts are guided by a number of factors, including the inmate's injuries. *Hudson*, 503 U.S. at 7-8. However, "the extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation, 'or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur.'" *Id*. at 7 (citation omitted).

Other factors considered include "the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the

-10-

responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id.*; *see also Richmond v. Settles*, 450 F. App'x 448, 453 (6th Cir. 2011). As stated by the Sixth Circuit, "[i]n determining whether a prisoner's claim rises to this level [of unnecessary and wanton], the reason or motivation for the conduct, the type and excessiveness of the force used, and the extent of injury inflicted should be considered." *Parrish v. Johnson*, 800 F.2d 600, 604-605 (6th Cir. 1986). Courts, however, have been advised that "[t]his analysis . . . must be carefully circumscribed to take into account the nature of the prison setting in which the conduct occurs and to prevent a prison official's conduct from being subjected to unreasonable *post hoc* judicial second-guessing." *Id.* (citing *Whitley*, 475 U.S. at 321-22).

As set forth above, uncontradicted evidence in the record shows that Plaintiff, at the least, turned aggressively toward Officer Tackett in what Officer Tackett perceived as Plaintiff attempting to "headstrike" her. In response, Officer Tackett used force to repel the perceived attack. Upon seeing the physical confrontation between Plaintiff and Officer Tackett, Officer Maynard responded by taking Plaintiff to the ground. Other officers then responded to assist in subduing Plaintiff's continued movements. In light of the fact that Plaintiff suffered only minor, superficial abrasions, reasonable minds could only conclude that the force used by Officers Tackett and Maynard was, even if somewhat more than *de minimis*, minimal and proper, not malicious or sadistic.

Accordingly, viewing the <u>evidence</u> in a light most favorable to Plaintiff, no disputed issue of material remains and Plaintiff's excessive force claim must fail as a matter of law. Defendant's Objections are **SUSTAINED** to the extent of the foregoing

analysis set forth above.  As a result, Defendants' Motion for Summary Judgment is **GRANTED** with regard Plaintiff's claims against Officers Tackett and Maynard.

## V.  CONCLUSION

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge *de novo* and has considered the parties' Objections thereto.  After considering the issues *de novo*, the Court: (1) **ADOPTS** the Report and Recommendations (Doc. 33) in part only; (2) **OVERRULES** Plaintiff's Objections (Docs. 34); (3) **SUSTAINS** Defendants' Objections to the extent set forth above; and (4) **GRANTS** Defendants' Motion for Summary Judgment (Doc. 27) in its entirety.  The Clerk shall enter judgment accordingly and close this case.

    **IT IS SO ORDERED**.

Date:  9/24/12                                              *s/ Timothy S. Black*
                                                                Timothy S. Black
                                                                United States District Judge